# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | | |
|---|---|---|
| BlueLine Rental, LLC, | ) | |
| | ) | C.A. No.: 9:17-cv-984-PMD |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| Lather Construction, Inc. and Shawn Lather, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on Plaintiff BlueLine's motion for summary judgment (ECF No. 15). For the reasons set forth herein, BlueLine's motion is granted in part and denied in part.

## BACKGROUND

This action arises out of a fire that burned a Volvo excavator while Defendants were renting it from BlueLine. The fire caused a total loss of the excavator. BlueLine's rental agreement offered optional insurance coverage on the excavator, but Defendants waived their right to purchase insurance through BlueLine and have not repaid BlueLine for the excavator despite receiving a policy-limits settlement from their own insurer based on the loss of the excavator.

## PROCEDURAL HISTORY

BlueLine filed its motion for summary judgment on August 30, 2017. Defendants filed a two-page response on September 28, and BlueLine replied on October 5. Accordingly, this matter is ripe for consideration.

## LEGAL STANDARD

To grant a motion for summary judgment, a court must find that "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). The judge is not to weigh the evidence but

rather must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 124 (4th Cir. 1990). "[I]t is ultimately the nonmovant's burden to persuade [the court] that there is indeed a dispute of material fact. It must provide more than a scintilla of evidence—and not merely conclusory allegations or speculation—upon which a jury could properly find in its favor." *CoreTel Va., LLC v. Verizon Va., LLC*, 752 F.3d 364, 370 (4th Cir. 2014) (citations omitted). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual basis." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

## **DISCUSSION**

BlueLine moved for summary judgment on all five of its claims against both Lather Construction, Inc. ("LCI") and Shawn Lather. Defendants filed a joint response, with LCI admitting liability and Shawn Lather contesting it. Both LCI and Lather also oppose BlueLine's motion as to damages, arguing that there are still genuine issues of material fact relating to damages. The Court addresses each in turn.

First, Shawn Lather asserts that he is not individually liable to BlueLine for the loss of the excavator because he never signed a personal guarantee. As there is no evidence that Lather signed a personal guarantee, the Court will not grant summary judgment on that basis. However, that is not BlueLine's theory as to why Lather is personally liable. Instead, BlueLine argues that it is entitled to pierce LCI's corporate veil as a result of the fraud that it alleges LCI and Lather

committed by failing to use the policy-limits settlement from their own insurer to repay BlueLine for the loss of the excavator.

"Although the corporate entity may be disregarded in some situations, piercing the corporate veil is not a doctrine to be applied without substantial reflection." *Mid-South Mgmt. Co. v. Sherwood Dev. Corp.*, 649 S.E.2d 135, 140 (S.C. Ct. App. 2007) (citing *Baker v. Equitable Leasing Corp.*, 271 S.E.2d 596, 600 (S.C. 1980)). "[A] corporation will be looked upon as a legal entity until sufficient reason to the contrary appears; but when the notion of legal entity is used to protect fraud, justify wrong, or defeat public policy, the law will regard the corporation as an association of persons." *Id.* (quoting *Sturkie v. Sifly*, 313 S.E.2d 316, 318 (S.C. Ct. App. 1984)). "The burden of proof is on the party asserting that the corporate veil should be pierced." *Id.* (citing *Woodside v. Woodside*, 350 S.E.2d 407, 410 (S.C. Ct. App. 1986)). South Carolina has a "two-prong test to determine whether a corporate veil should be pierced." *Id.* First, courts look to the eight factors relating to corporate formalities as outlined in *Sturkie*, and then courts look to determine whether it would be unjust or fundamentally unfair to view the wrongful acts as acts of the corporation rather than acts of the individuals. *Id.* Here, BlueLine has provided substantial evidence relating to the second prong of the *Sturkie* test, but has not provided any evidence relating to LCI's observance of corporate formalities. As a result, the Court denies their motion for summary judgment as to Lather's liability based on piercing the corporate veil.

The Court next turns to the question of damages. The Court agrees that the majority of BlueLine's damages are sum certain, and Defendants have not produced any evidence demonstrating that there is a genuine dispute of material fact as to the amount of BlueLine's claimed damages. Defendants' only argument on damages is found in a short paragraph in their brief, where they state that they continue to dispute the amount of the principal balance, interest,

attorney's fees, other fees and costs, and whether Defendants were properly credited for all payments.  Defendants do not state any basis for disputing BlueLine's claimed damages, nor do they provide alternative damages.  Defendants' nonspecific argument as to damages is unsupported by any affidavit or other evidence.  *See Midland Mortg. Co. v. Wells Fargo Bank, N.A.*, 926 F. Supp. 2d 780, 793 (D.S.C. 2013) (statements set forth in briefs, without supporting evidence, are generally not enough to survive summary judgment).  Thus, the Court grants BlueLine's motion as to the sum certain damages.

The Court turns to BlueLine's request for punitive damages.  BlueLine requested a non-jury trial, and Defendants did not object.  Thus, the Court will make any factual determinations necessary for an award of punitive damages.  BlueLine asks that the Court enter an amount of punitive damages without specifying the amount of punitive damages it believes is appropriate, and without providing much of the evidence relevant to making such a determination.  Without such evidence, the Court cannot enter a punitive damages award at this stage.  Thus, the Court denies summary judgment as to any punitive damages.

## CONCLUSION

For the foregoing reasons, BlueLine's motion for summary judgment is **GRANTED IN PART** and **DENIED IN PART**.

**AND IT IS SO ORDERED**.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**November 7, 2017**
**Charleston, South Carolina**